[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS



RECEIVED
FEB 25 2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Reyna Arroyo

Plaintiff(s),

v.

City of Chicago Police Dept.

Defendant(s).

21cv1148
Judge Feinerman
Mag. Judge Cummings

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Reyna Arroyo__ of the county of __Cook__ in the state of __Illinois__.

3. The defendant is __City of Chicago Police Dept.__, whose street address is __3510 S. Michigan Avenue - Human Resources 4th Floor__,
(city) __Chicago__ (county) __Cook__ (state) __Illinois__ (ZIP) __60653__
(Defendant's telephone number) (__312__)- __745-5300__

4. The plaintiff sought employment or was employed by the defendant at (street address)
__3510 S. Michigan Avenue__ (city) __Chicago__
(county) __Cook__ (state) __Illinois__ (ZIP code) __60653__

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☒ was hired and is still employed by the defendant.

    (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) 3/31/2019 , _____12/15/2019_____ .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☒*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

        (i) ☐ the United States Equal Employment Opportunity Commission, on or about

        (month)_____ (day)_____ (year)_____ .

        (ii) ☒ the Illinois Department of Human Rights, on or about

        (month)____July____ (day)___10th____ (year)__2020_____ .

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes   ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes   ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on

(month)__December_____ (day)__30th_____ (year)__2020_____ a copy of which

*Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [***check only those that apply***]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

 (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

 (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

 (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

 (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

 (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]
 (a) ☐ failed to hire the plaintiff.
 (b) ☐ terminated the plaintiff's employment.
 (c) ☐ failed to promote the plaintiff.
 (d) ☐ failed to reasonably accommodate the plaintiff's religion.
 (e) ☒ failed to reasonably accommodate the plaintiff's disabilities.
 (f) ☐ failed to stop harassment;
 (g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
 (h)  other (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13. The facts supporting the plaintiff's claim of discrimination are as follows:

   Please see attached.

14. *[AGE DISCRIMINATION ONLY]* Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury.    ☒ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff *[check only those that apply]*

   (a) ☐ Direct the defendant to hire the plaintiff.

   (b) ☐ Direct the defendant to re-employ the plaintiff.

   (c) ☐ Direct the defendant to promote the plaintiff.

   (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

   (e) ☒ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

   (f) ☐ Direct the defendant to (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐ Grant such other relief as the Court may find appropriate.

_____
(Plaintiff's signature)

Reyna Arroyo
_____
(Plaintiff's name)

2630 N. 74th Ct.
_____
(Plaintiff's street address)

(City)___Elmwood Park_____(State)___Illinois_____(ZIP)___60707_____

(Plaintiff's telephone number) (__773__) _817-6263_____

Date: ___2/25/2021_____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

**(Continues )**

**13. The fact supporting the plaintiff's claim of discrimination are as follows:** –

*Please note that the following is a summary and approximate dates:*

1. Plaintiff is Reyna Arroyo, she is currently an individual with disability within the meaning of the Human Rights Act.

2. The Defendant (City of Chicago Police Dept.) was aware of the plaintiff's disability.

3. Plaintiff's disability is unrelated to her ability to perform the essential functions of her job.

4. Plaintiff was hired on March 16, 1998. Her performance when hired as a police officer met Defendant's expectations.

5. During the course of plaintiff's career, she sustained an approximate 25+ injuries in which the defendant certified them as work related incidents - except plaintiff's last work injury that took place in October, 2016. Being that the defendant rejected plaintiff's 2016 claim, she filed a grievance that same year with the Fraternal Order of Police.

6. As a result of the 2016 injury (tair left shoulder), the Defendant placed the plaintiff in a temporary administrative desk duty position.

7. During 2017 - the Defendant was aware that plaintiff could not get shoulder surgery because plaintiff was dealing with other medical issues at that time.

8. In 2018, plaintiff was diagnosed & later operated for cancer (radical hysterectomy- minus 7 organs). Plaintiff was off work with her own medical benefits for an approximate four months. Defendant was aware of this situation.

9. On March 31, 2019, the Defendant removed the plaintiff from her limited duty position. Defendant refused to assign plaintiff to any additional duties, and failed to accommodate her. Plaintiff was not placed on any official leave and was forced to use her benefits/ medical time while unassigned. Defendants failed to provide any reasonable accommodation which would have permitted the plaintiff to perform the essential functions of the job.

10. In June, 2019 - plaintiff's physician finally gave the okay for plaintiff to have shoulder surgery, following physical therapy. Physical therapy and cortisone shot did not work.

11. In November, 2019, plaintiff returned to the Defendant's Medical Section with her orthopedic approval to return to work with limited duty/ administratively with restrictions but Defendant refused to accommodate me once again.

12. On December 15, 2019, plaintiff's benefit time expired. Defendant placed plaintiff on unpaid forced medical leave. Plaintiff could not get surgery due to Covid19 and other medical reasons.

13. January, 2020 - Plaintiff had arbitration for the 2016 grievance shoulder injury. Still waiting for arbitration's decision.

14. Between March 31-June 2, 2020 - plaintiff was ordered to surrender her police badge and work identification ID. Before being stripped out of her police powers with Defendant's Human Resources supervisor, plaintiff asked if she could come back to work limited duty. Once again, Defendants Employee offered no alternative - the Defendant's personnel failed to do this.

15. Plaintiff is currently not working, unable to get second shoulder surgery due to depression and other illnesses.



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

December 30, 2020

Ms. Reyna Arroyo
2630 N. 74th Court
Elmwood Park, IL 60707

Re: EEOC Charge Against City of Chicago Police Dept.
No. 21B202001450

Dear Ms. Arroyo:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under: Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

    The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              Eric S. Dreiband
                           Assistant Attorney General
                            Civil Rights Division

                 by    /s/ Karen L. Ferguson
                      Karen L. Ferguson
               Supervisory Civil Rights Analyst
               Employment Litigation Section

cc: Chicago District Office, EEOC

City of Chicago Police Dept.

Charge Number: 2020CF2631
Complainant: Reyna Arroyo
Page 2 of 3

I.     A.     **ISSUES/BASIS**
FAILURE TO ACCOMMODATE- MARCH 31, 2019, DUE TO MY DISABILITY, LEFT SHOULDER DISORDER

       B.     **PRIMA FACIE ALLEGATIONS**

1. I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my disability.

3. I was hired on March 16, 1998. My performance as a police officer met Respondent's expectations.

4. On March 31, 2019, I was subjected to a failure to accommodate when Respondent removed me from my limited duty position. Respondent offered no alternative positions which met my limited mobility restrictions.

5. Respondent failed to provide any reasonable accommodation which would have permitted me to perform the essential functions of the job.

II.     A.     **ISSUES/BASIS**
FAILURE TO ASSIGN- MARCH 31, 2019, DUE TO MY DISABILITY, LEFT SHOULDER DISORDER

       B.     **PRIMA FACIE ALLEGATIONS**

1. I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my disability.

3. I was hired on March 16, 1998. My performance as a police officer met Respondent's expectations.

4. On March 31, 2019, Respondent removed me from my limited duty position. Respondent refused to assign me any additional duties. I was not placed on any official leave and was forced to use my benefit time while remaining unassigned.

5. My disability is unrelated to my ability to perform the essential functions of my job.

Charge Number: 2020CF2631
Complainant: Reyna Arroyo
Page 3 of 3

III.   A.   ISSUES/BASIS
FORCED MEDICAL LEAVE- DECEMBER 15, 2019, DUE TO MY DISABILITY, LEFT SHOULDER DISORDER

      B.   PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2. I was hired on March 16, 1998. My performance as a police officer met Respondent's expectations.

3. On December 15, 2019, my benefit time expired and Respondent placed me on an unpaid forced medical leave.

4. My disability is unrelated to my ability to perform the essential functions of my job.

Return this copy

**Medical Section**
**Human Resources Division**
**Chicago Police Department**

24 JAN 19

## LIMITED DUTY NOTIFICATION LETTER - B

TO:

Name: ARROYO, REYNA
Employee #: 45919

Street: 2835 W. DIVISION ST #3-E
Star #: 18014

Chicago, IL-606 22
Zip

District/Unit: 010/122

Please be advised that the records of the Medical Section (MS) of the Chicago Police Department indicate that as of **31 MAR 19** (Date), you will exceed the maximum allowable time in a Limited Duty status for your non-duty related condition as described in Employee Resource E03-01-03, Sworn Limited Duty Program. If you are unable to return to Full Duty by that date, you must choose one of the following options:

- You may use any available Medical Roll days;
- You may retire or resign by submitting a Personnel Action Request (PAR);
- You may apply for a leave of absence in order to apply for disability benefits;
- If applicable, you may request a Reasonable Accommodation as defined by the American with Disabilities Act; or
- If applicable, you may request leave under the Family Medical Leave Act.

You are encouraged to discuss your medical condition, treatment options and potential to return to work in a Full Duty status with your physician as soon as possible. You are required to keep the Medical Section apprised of your medical condition as information becomes available.

**You must notify the MS no later than** **01 MAR 19** **of which of the listed options you will take** so that there will be no delay in processing. **Failure to complete processing before the expiration of your Limited Duty time will lead to you being placed in a NO PAY status as of** **31 MAR 19**.

If you have any questions about leaves of absence, the Family Medical Leave Act, Reasonable Accommodations or disability benefits, please direct your questions to the Human Resources Division at (312) 745-5310 or PAX 0349. If you have any questions about your medical records, please contact the Medical Section at (312) 745-5000 or PAX 0130 or 0134.

_____
Commanding Officer
Medical Section

cc: Director of Human Resources
    Unit CO
    Unit Timekeeper
    Medical File

Rec: _____   Date: _____

Witness or certified: _____   Date/Time: _____

CPD-62.479 (Rev. 9/15)

BUREAU OF ORGANIZATIONAL DEVELOPMENT     DATE: **03 SEP 19**
HUMAN RESOURCE DIVISION
MEDICAL SECTION

TO: **ARROYO, REYNA**     **45919**
    (Name)                                    (Employee #)

**2835 W. DIVISION ST. 3-E**     **18014**
    (Street)                                    (Star #)

Chicago, IL 606 **22**     **010 / 122**
    (Zip)                                    (District/Unit)

Please be advised that the records of the Medical Section of the Chicago Police Department indicate that as of **03 SEP 19** you have used **290** Days of the maximum allowable for your current Duty/Non-Duty medical absence:

If you are not able to return to work, your last day on the Medical Roll is projected to be **17 NOV 19**.

If you do not return to Duty before you exhaust these paid medical absence benefits, you will be removed from the Active Roll. Your options at that time will include Retirement, Resignation or Leave of Absence, such as to apply for Disability Pension benefits.

You are encouraged to consider your situation and discuss your medical condition, treatment options and potential to return to Duty with your physician as soon as possible. Keep the Medical Section advised as information becomes available. The Medical Section can assist you as questions arise in coordinating your medical status with your employment status.

Medical Section
P.O. Marilyn Bishop #17542

CC:     Unit Commander
            Unit Timekeeper
            Medical File

(Revised May 2017)