IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Reyna Arroyo, | ) | |
| | ) | |
| Plaintiff, | ) | 21 cv 1148 |
| | ) | Honorable Judge Feinerman |
| v. | ) | Honorable Magistrate Judge Cummings |
| | ) | |
| City of Chicago Police Dept., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT INITIAL STATUS REPORT

A. **Nature of the Case**

1. Attorneys of record, and lead trial counsel, for each party.

    Plaintiff:  Christina Abraham (lead trial attorney) and Janaan Hashim

    Defendant: Kristen Woytowicz (lead trial attorney)
    Assistant Corporation Counsel
    City of Chicago Department of Law
    2 N. LaSalle St. Suite 640
    Chicago, Il 60602
    Kristen.woytowicz3@cityofchicago.org
    (312) 744-0428

2. Basis for federal jurisdiction.

    28 U.S.C. 1331.

3. Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.

    Plaintiff, a police officer with Defendant's Department of Police, alleges she was placed on unpaid medical leave by Defendant employer. Plaintiff alleges that in 2014, she suffered a work-related injury to her left shoulder. Plaintiff alleges she was placed on light duty work as a result. Plaintiff further alleges that when her light duty workdays expired despite her shoulder injury

remaining unhealed, plaintiff asked for a reasonable accommodation. Plaintiff alleges that Defendant did not provide a reasonable accommodation for her disability, that Defendant retaliated against her for exercising her right to request a reasonable accommodation, and, through a supplemental state law claim, that Defendant failed to rehire or recall Plaintiff for active service.

Plaintiff seeks lost pay and benefits; compensatory damages; liquidated damages, attorney's fees and costs; and such other relief as law and justice allow.

This case is brought for violations of the Americans with Disability Act, 42 U.S.C. 42 § 12101 *et seq.*, as amended ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 ("RHA"). Plaintiff also brought a supplemental state law claim for violation of 820 ILCS 305/4(h).

Defendant denies violating any common law, federal or state statute. Defendant further denies liability and any of the requested relief sought by Plaintiff. No counterclaims are asserted at this time.

4. Whether the defendant will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.

Defendant's answer or responsive pleading is due on July 18, 2021. Defendant has indicated it would file a partial motion to dismiss on Plaintiff's supplemental state law claim for retaliatory discharge under the Illinois Workers Compensation Act (Count IV). After conference, the Plaintiff has agreed to voluntarily dismiss Count IV of her Amended Complaint.

5. Principal legal and factual issues.

      Plaintiff contends: the major question is whether Chicago Police Department discriminated against the plaintiff when it did not provide a reasonable accommodation for her disability.

      Defendant contends the principal legal and factual issues involved in this case include: a) whether Plaintiff is a qualified individual with a disability under the ADA or the RHA; b) whether Plaintiff requested a reasonable accommodation; c) whether Defendant unlawfully denied any reasonable accommodation requested by Plaintiff; d) whether Defendant discriminated against Plaintiff on the basis of her alleged disability, in violation of either the ADA or the RHA; e) whether Plaintiff engaged in a statutorily protected activity; f) whether Plaintiff suffered an adverse employment action; g) whether there is a causal connection exists between any protected activity Plaintiff engaged in and the adverse action allegedly taken by Defendant; h) whether Defendant had legitimate non-discriminatory reasons for its employment decisions and actions with respect to Plaintiff; i) whether Plaintiff has been injured and/or is entitled to damages or other relief based on the conduct described above; and j) whether Plaintiff mitigated any alleged damages.

6. Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendants.

      The defendant waived service of process on May 21, 2021. (Doc. 19)

B. **Proceedings to Date**

1. Summary of all substantive rulings (including discovery rulings) to date.

      None.

2. Description of all pending motions, including date of filing and briefing schedule.

None.

C. **<u>Discovery and Case Plan</u>**

1. Summary of discovery, formal and informal, that has already occurred.

   Neither formal nor informal discovery has occurred.

2. Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.

   The parties will attempt to come to an agreement on search terms before CPD conducts electronic searches of electronically stored data. Documents will be produced in pdf format in a manner agreed upon by the parties; if PDF files are produced, each file will contain a complete document, including attachments. Audio and video files, if any, will be produced in a format to be agreed upon. Electronically stored information, including metadata, will be preserved so that it can be examined or produced if the need arises.

   The parties will comply with the notice requirements of FRCP 45.

3. Proposed scheduling order.

   a. Deadline for Rule 26(a)(1) disclosures, or why Rule 26(a)(1) disclosures are not appropriate.

      August 2, 2021

   b. Deadline for issuing written discovery requests.

      September 1, 2021

   c. Deadline for completing fact discovery.

      December 30, 2021

   d. Whether discovery should proceed in phases.

      The parties do not anticipate the need to conduct discovery in phases.

4

      e. Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures and expert depositions.
The parties have not yet determined the need for expert discovery. If necessary, the parties will make their expert disclosures as required by Rule 26(a)(2).

      f. Deadline for amending the pleadings and bringing in other parties.

      January 30, 2022

      g. Deadline for filing dispositive motions.

      February 28, 2022

4. Whether there has been a jury demand.

   Yes.

5. Estimated length of trial.

   4-5 days.

D. **Settlement**

1. Describe settlement discussions to date and whether those discussions remain ongoing.

   No settlement discussions have occurred thus far.

2. Whether the parties request a settlement conference.

   The parties have not unanimously agreed to request a settlement conference.

E. **Magistrate Judge**

1. Whether the parties consent to proceed before a magistrate judge for all purposes.

   The parties do not unanimously consent to proceed before a Magistrate Judge.

2. Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.

5

On April 7, 2021, this court referred to the magistrate judge proceedings related to discovery supervision and setting a discovery and dispositive motion schedule. A proposed scheduling order was sent to the magistrate judge on June 23, 2021.

Respectfully submitted,

Dated: June 23, 2021

| | |
|---|---|
| /s/ *Janaan Hashim* <br> Janaan Hashim <br><br> Janaan Hashim, Esq. <br> Amal Law Group, LLC <br> 161 N. Clark Street, Suite 1600 <br> Chicago, IL 60601 <br> 312-882-4122 <br> jhashim@amallaw.com <br><br> Christina Abraham, Esq. <br> Abraham Law and Consulting, LLC <br> 161 N. Clark Street, Suite 1600 <br> Chicago, IL 60601 <br> (312) 588-7150 <br> Christina.w.abraham@gmail.com <br><br> *Counsel for plaintiff* | /s/ *Kristen Woytowicz* <br> Kristen Woytowicz <br> Assistant Corporation Counsel <br><br> City of Chicago <br> Department of Law <br> Employment Litigation Division <br> 2 N. LaSalle St., Suite 640 <br> Chicago, Illinois 60602 <br> (312) 744-0428 <br> Kristen.woytowicz3@cityofchicago.org <br><br> *Counsel for defendant* |