# IN THE FEDERAL DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| REYNA ARROYO, | ) <br> ) <br> ) Case No.: 21-cv-01148 <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Honorable Judge Steven C. Seeger <br> ) Honorable Magistrate Judge Jeannice <br> ) Appenteng |
| CITY OF CHICAGO, a municipal corporation, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DISCOVERY FOR 60 DAYS

Plaintiff REYNA ARROYO ("Plaintiff"), by and through undersigned counsel, respectfully asks this court to deny Defendant's Motion to Reopen Discovery for 60 Days as the delay is harmless under FRCP 37(c) and case law.  Plaintiff's counsel states as follows:

1. "This case is headed to the finish line one way or the other."  Dkt. 121.

2. Plaintiff's delay in disclosing the disability pension reapplication material is harmless because: (a) the Defendant ("the City") knew of Plaintiff's May 2023 reapplication for pension disability at all times as it was custodian of the documents that were proffered on June 11, 2024; (b) before discovery ended it was on notice of Plaintiff's May 2023 reapplication; and (c) more than three years before discovery ended, the City was aware of Plaintiff's initial application for pension disability.  Thus, Defendant cannot claim surprise to these documents and information.

3. The delay in proffering the places to which Ofcr. Arroyo applied for part-time employment is harmless because Defendant was placed on notice during discovery (her

deposition) that Plaintiff would start looking for part-time work once her health allowed. Despite seeking employment after discovery ended, with no one hiring her long-term, there is no surprise to the City as Plaintiff did what she said she would do and her status quo has not changed except for having tried, and failed, to find gainful employment.

## PROCEDURAL HISTORY

1. In January 2023, Plaintiff sought unopposed leave of this court for an extension of discovery due to her inability to afford, in a short period of time, those depositions needed to build her case. Dkts. 71, ¶2-5; 71-1, Ex. 1 Financial Affidavit of Reyna Arroyo at ¶11. In her financial affidavit, Plaintiff testified that she had received no income since being placed on involuntary administrative leave until the execution of the affidavit, January 24, 2023. Dkt. 71-1, affidavit ¶4. Plaintiff's motion was granted by this honorable Court on January 26, 2023. Dkt. 72. This court ordered discovery to end on May 26, 2023. Dkt. 79.

2. The parties worked diligently to meet their discovery deadline with the depositions of Chicago Police Department ("CPD") Medical Services Section ("MSS") Supervisor Sheree Jones (retired) and CPD Finance Director Jonathon Johnson remaining. Dkt. 85, ¶¶1.d, e. Sup. Jones' deposition was rescheduled twice before the end of discovery for witness's lack of appearing despite being personally served. Dkt. 84, ¶ 3. Dir. Johnson was served with his deposition to be conducted prior to the end of discovery pending his return from medical leave. *Id*. at ¶ 4. He had not returned from medical leave. *Id*.

3. Sup. Jones was served three more times and her deposition was rescheduled twice until the third time she was finally deposed on July 25, 2025. Dkt. 93, ¶2. Dir. Johnson continued on medical leave and the parties attempted numerous times to schedule his

deposition. Dkt 103, ¶1.a. With no success, Plaintiff ultimately subpoenaed Dir. Johnson on September 24, 2023 to appear on November 4; he did not appear and it was rescheduled and conducted on November 30. *Id*.

4. This Court granted numerous extensions following the parties' Joint Status Reports and Motions to Extend Discovery in order to obtain the final two depositions. Dkts. 84, 88, 91, 94, 97.

5. Plaintiff filed a motion to extend on November 15, 2023, which was decided unfavorably on April 9, 2024. Dkts. 100; 114.

6. This court admonished the parties to move forward with dispositive motions, ordering, *inter alia*, a letter exchange establishing the factual and legal bases for summary judgment; the parties met the Court's schedule. Dkts. 120.

7. This court gave Defendant a filing deadline of May 30, to file its dispositive motion. Dkt. 116. It then extended Defendant's due date to June 14, pushing the parties toward the finish line. Dkt. 121.

A. *Plaintiff's June 11, 2023 Supplemental Document Production*

8. Plaintiff's counsels first learned of Plaintiff's new documents on May 30, 2024. Def. Ex. A. Plaintiff's counsels promptly informed the City to expect these new documents. *Id*. Plaintiff's counsel represents that it received the last of these documents on Friday, June 7.

9. Plaintiff's counsel reviewed the documents, discussed them with their client in order to fully understand their context, and proffered them to the City as an email attachment on June 11. Ex. 1.

B. *Plaintiff's Application and Reapplication for Disability Pension*

10. As an initial note, counsel's draft of Declaration Of Reyna Arroyo Dated June 11, 2024 was completed on June 11, explaining the context of the supplemental document production proffered that same day.  On June 11, counsel had uploaded the declaration t to the client's online portal for Plaintiff to e-sign.  Rather than e-signing it that afternoon or evening, on June 12, Plaintiff made a wet signature and scanned/emailed it to counsel.  This was done after being sent a reminder from counsel to e-sign the Declaration.  After receiving the signed Declaration, counsel did not change the date of the signature from June 11 to June 12, nor did she change the Heading.  Any implication that counsel acted in bad faith or willfully tried to delay tendering of the Declaration to Plaintiff's advantage is vehemently denied in the strongest terms.

11. Plaintiff disputes the City's following contentions:

    a. The City has had in its sole possession since May 24, 2023, prior to the close of discovery, the majority of the supplemental document production tendered (38 documents to be precise); namely, Plaintiff's reapplication material for disability pension through the Policemen's Annuity and Benefit Fund ("PABF").  See Ex. 2 at Arroyo_662-76; Arroyo_699-726. These documents include a To/From memo sent from Plaintiff to CPD Director of HR and CPD Director of MSS, as well as CPD and City of Chicago forms. *Id.*  Despite being the custodians of these documents, the City failed in its responsibility of tendering these documents to Plaintiff pursuant to its obligation under FRCP 26(e)(1)(A) before the end of discovery.

b. During her call with the City on June 11, 2024, Plaintiff's counsel agrees she was surprised to hear the City assert that the documents of Exhibit 2[1] would not be in the possession of the City since the documents were standard CPD and City forms and a To/From sent by Plaintiff to CPD leadership. After the call, Plaintiff's counsel realized the miscommunication, and she emailed the City explaining as much and reasserting that the City already had in its possession the majority of the documents tendered. Ex. 1, see highlighted paragraph. The City did not respond to this correction. *Id*. Furthermore, the City chose not to inform this honorable Court of the miscommunication and counsel's effort to correct it.

c. Plaintiff's testimony is consistent as to her initial application for disability pension and is corroborated by documentary and testimonial evidence. Plaintiff tendered a Declaration dated May 24, 2023 in which she clarified her deposition testimony. Ex. 3. Within it, she explained that she had submitted her disability pension paperwork in 2020 and included documentary support of her statement. *Id*. at ¶¶ 8, 10-12 (highlighted) and Arroyo Decl.-Exhibits - 3 (Arroyo.Def.3244; 3285; 3287), 5 (Arroyo_288), 6 (Arroyo_275); 7 (Arroyo.Def.3935); 9 (Arroyo_273). In March 2020, she did "hold off" on a voluntary leave of absence, and Jermeka Jackson of CPD HR informed her that it was effective regardless. *Id*. Decl.-Exhibit - 9 (Arroyo_269; 273). Then, by April, Arroyo was inquiring as to the status of the application. *Id*. at 7 (Arroyo.Def.3935). Moreover, Arroyo Decl.-Exhibits 3 and 7 were not only *produced by the City* to

---

[1] Exhibit 2 is the document production cited by Plaintiff in her June 11, 2024 Declaration and which she sent to Defendant with the Declaration. All of the pages from the supplemental document production are included except for Arroyo_674, a blank page.

5

Plaintiff during discovery, but they were also *duplicates* included in the June 12, 2024 supplemental document production as they were attachments that Plaintiff included in her To/From to CPD leadership. Additionally, Plaintiff's declaration testimony is corroborated by her CPD Medical Services Section caseworker Latonya Smith deposition testimony:

    i. In reviewing Exhibit 10, a March 2020 email thread between Plaintiff and Caseworker Smith and Marilyn Bishop, the disability pension liaison, Smith confirmed an email exchange in which Ofcr. Arroyo asked, and received, assistance in submitting her disability pension application material, including releasing her medical file to PABF.  Ex. 4, Latonya Smith dep. at 74:15-76:17 (highlighted); Ex. 10 to Latonya Smith dep. (highlighted).

    ii. Supporting Smith's testimony, Exhibits 3 and 4 of Arroyo's May 24, 2023 Declaration are her completed application materials for disability pension signed in March 2020. Ex. 3 at Arroyo.Def.3285 (CPD medical release form); Arroyo.Def.3287 (CPD HR instructions); Arroyo.Def.288 (CPD PAR LOA-Disability Pension form).

d. Plaintiff testified in her Declaration[2] before the close of discovery that she was reapplying for pension disability, thus placing the City on notice that it would have within its own custody these documents.  Ex. 3.

---

[2] Plaintiff's June 11, 2024 Declaration erroneously identified the means of her testimony as stating it was during her deposition rather than in her May 24, 2023 declaration.  Regardless of the means, her testimony of reapplying for disability pension in May 2023 is corroborated by the documentary evidence, which moots any issue questioning Ofcr. Arroyo's credibility.

e. Plaintiff has consistently testified that she never heard from the pension board after submitting her material to CPD and nothing in the record would support otherwise. Ex. 3, ¶11; Def. Ex. E, ¶¶6, 8.

C. *Plaintiff's Unsuccessful Job Hunt*

12. Plaintiff's testimony is also consistent as to her application to finding part-time employment. Plaintiff disputes the City's contentions:

   a. The City mischaracterizes Ofcr. Arroyo's testimony as to her deposition testimony. Dkt. 125, ¶ 20. Ofcr. Arroyo was first asked about finding <u>full-time</u> outside work, to which Ofcr. Arroyo correctly stated that policy prevents this, as does her health. Def. Ex. F at 98:25-9. This is a position she has maintained and continues to maintain. Dkt. 120-2, p. 15. When asked about part-time work, Ofcr. Arroyo could not commit to whether this was a viable option per policy as reflected in her answer, "I need to think about it. Perhaps." Def. Ex. F: 99:18-20 Then, talking in the present tense, Ofcr. Arroyo testified that she is unable to work part-time adding that she would have to get better before doing part-time work. Def. Ex. F: 99:20-100:7. Thus, Ofcr. Arroyo, in the moment of her deposition, testified that she was unsure of whether policy allowed her to seek part-time employment and that, even if it did, she could not work at that time until she got better. *Id*.

   b. Consistent with her deposition testimony, Ofcr. Arroyo began searching and applying for part-time work when her health allowed and after confirming this would not violate policy. Def. Ex. E, ¶10. The search was initiated in July 2023 after discovery closed on May 26, 2023. *Id*. at ¶13.a.ii; Dkt. 79.

c.  There is no evidence in the supplement document production supporting the City's false assertion to the Court that "many of these materials were created prior to the closure of discovery, dating as far back as May 2023 or 5 months before the close of discovery." Dkt. 125 at ¶21. Except for two depositions and a declaration, discovery ended on May 26, 2023. Dkt. 79. Five months prior would be January 2023. Ofcr. Arroyo's financial affidavit submitted in January 2023 states she had no income. Dkt. 71-1, affidavit ¶4. In her March 2023 deposition she confirmed that her "most recent employment" was working for CPD. Ex. 1 (Arroyo Dep Transcript, 15:8-10 highlighted) to Ex. 3 (Plaintiff's May 24, 2023 Declaration). Her first inquiry into finding part-time work was July 19, 2023, two months after the close of discovery, and continued until January 2024. Def. Ex. E, ¶¶13.a.-k; Group Exs. A-1-A-11 to Ex. 2 (Arroyo Decl. June 11, 2024 Exhibits).

d.  Because she was not hired for any position, her status quo had not changed since tendering to this Court her Financial Affidavit, and, thus, she informed counsel when she did. Def. Ex. E, ¶10

**ARGUMENT**

13. Under Rule 37, the sanction for failure to disclose is automatic and mandatory, "unless the sanctioned party can show its violation was either justified or harmless." *Chicago Joe's Tea Room, LLC v. Village of Broadview*, 94 F.4th 588, 603 (7th Cir. 2024). "Failure to supplement is harmless where partial information was disclosed during the course of discovery and the other party likely could have obtained the information available to it, like employer personnel records." *Vraniskoska v. Franciscan Cmtys., Inc.*,

8

No. 2:11-CV-308 JD at *8 (N.D. Ind. Aug. 29, 2013) (holding failure to supplement initial disclosures was harmless where reference to the first name of a witness was made at several instances throughout discovery, and where defendant had benefit of personnel records plaintiff did not); see also *Pryor v. City of Chicago*, No. 07 C 2479 at *14 (N.D. Ill. Feb. 1, 2010) (holding failure to supplement was harmless because the disclosure of the name of a witness in a footnote to a motion to reconsider made the information known to the other party). Similarly here, the delay in producing the supplemental documents is harmless for three reasons. First, the City was the sole custodian of the application materials Arroyo first submitted in March/April of 2020, more than three years before discovery ended on May 26, 2023. Dkt. 79. It is also the sole custodian of internal emails on CPD servers between employees. Second, before discovery concluded, the City knew of Plaintiff's May 2023 reapplication because it was given notice through Arroyo's May 2023 Declaration that she was pursuing a reapplication and, not to reiterate, but again, the City was sole custodian of the documents that Plaintiff submitted to CPD which she later proffered on June 11, 2024. As such, the City cannot say it was unaware of the initial disability pension or of the reapplication. Third, the City had unhindered access and ample opportunity during these three years to examine the application materials and decide what, if any, written or oral discovery with the PABF it wanted to conduct. During this time, it chose not to pursue such discovery. Granting the City's motion would ignore the Court's generous discovery schedule, its many extensions and its fair warnings as to concluding discovery.

14. Similarly, the documents showing Ofcr. Arroyo trying to obtain part-time work would come as no surprise because during discovery Defendant was placed on notice on March

1, 2023 that Plaintiff intended to seek work once her health allowed. Moreover, despite seeking employment after discovery ended, no one hired Plaintiff other than a woman who had Ofcr. Arroyo clean six houses during the holidays for a nominal sum. Def. Ex. E, ¶13.b  There is no long line of employers who interviewed Ofcr. Arroyo and who then chose a different hire; rather, there is a long line of "no responses" after submitting her application materials.

15. All but two applications resulted in no response and several were through informal means, such as a Facebook posting (Def. Ex. E, ¶13.k); getting the word out (*Id*. at ¶13.i); and friends trying to help  (*Id*. at ¶13.a., b., e., f.). Similarly, the other job offer Ofcr. Arroyo received, but had to decline due to her mobility restrictions, was a temporary nanny position found through a Facebook posting.  Def. Ex. E ¶13.k. The only issue this raises is whether Ofcr. Arroyo's efforts rise to the level of constituting reasonable diligence to mitigate his damages, a matter for a jury to decide. *Jankowski v. Dean Foods Company*, 378 F.Supp.3d 697, 713 (2019).

16. The City states it would need to subpoena employers regarding Plaintiff's job application materials and re-depose Plaintiff regarding her applications.  Dkt. 125, ¶24.  This would be an unnecessary waste of time, City resources, judicial resources, and resources that Plaintiff does not have should such discovery surface additional witnesses for Plaintiff to depose.  Ofcr. Arroyo's June 11, 2024 Declaration is adequate for the purposes of mitigating damages.

WHEREFORE, Plaintiff respectfully asks this Court to deny the City's motion and allow the briefing schedule to stand as ordered and for the parties to reach the finish line.

Respectfully submitted,

Dated: June 18, 2024

/s/ *Janaan Hashim*
Janaan Hashim

Janaan Hashim, Esq.
Amal Law Group, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
312-882-4122
jhashim@amallaw.com


Christina Abraham, Esq.
Abraham Law and Consulting, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
(312) 588-7150
Christina.w.abraham@gmail.com

*counsels for plaintiff*

<u>**Certificate of Service**</u>

The undersigned attorney hereby certifies that she caused a copy of **Plaintiff's Opposition To Defendant's Motion To Reopen Discovery For 60 Days** to be served upon the parties assigned for service via electronic mail to the below email addresses on June 18, 2024.

Philip Santell
Jay Rahman
John Catalano
Assistant Corporation counsels
City of Chicago, Dept. of Law
Employment Litigation Division
2 North LaSalle Street, Suite 640
Chicago, IL 60602
phillip.santell@cityofchicago.org
jay.rahman@cityofchicago.org
John.Catalano2@cityofchicago.org

/s/ Janaan Hashim
Janaan Hashim
One of Plaintiff's Attorneys

Janaan Hashim
Amal Law Group, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
312-882-4122