# EXHIBIT 19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

REYNA ARROYO,

Plaintiff,

v.

CITY OF CHICAGO,

Defendant.

No.: 21 cv 1148

Hon. Steven C. Seeger

Magistrate Judge Jeannice W. Appenteng

## DECLARATION OF JUDITH MARRS

I, Judith Marrs, have personal knowledge of the facts set forth herein and pursuant to 28 U.S.C. § 1746 and I certify under penalties of perjury that the following is true and correct.

1.    I am currently employed as a Deputy Commissioner in the City of Chicago's Department of Human Resources (hereinafter "DHR") and I have held this position since August, 2011. Former Disability Officer Kathryn Perry Hopkins left the City of Chicago Disability Officer position in March 2024. Since the departure of former Disability Officer Kathryn Perry Hopkins, I have been acting as the Interim Disability Officer.

2.    As a Deputy Commissioner, I am familiar with responding to employee requests for reasonable accommodations in accordance with the City's Personnel Rules and Reasonable Accommodation Policy.

3.    The City of Chicago's Reasonable Accommodation Policy, attached hereto and incorporated herein as Exhibit A, is kept in the ordinary course of the City's business. *See* City of Chicago Reasonable Accommodation Policy, attached hereto as Exhibit A.

4.    In my current additional role as Interim Disability Officer, I review completed City of Chicago Reasonable Accommodation Request ("RA") forms submitted by the employee, as well as the medical questionnaire to determine whether the requested accommodation would be feasible

1

based on the essential functions of the position and the operational needs of the department. If necessary, I contact the employee who sought a reasonable accommodation to the extent I need more information or clarification on the requested accommodation. I am responsible for engaging in the interactive process with the employee to determine whether his or her accommodation request could be granted.

5.  In my capacity as a Deputy Commissioner, I have knowledge of the City's Personnel Rules, medical leave policies and procedures, reasonable accommodation policy and procedures, and the Americans With Disabilities Act ("ADA"). *See* City of Chicago Reasonable Accommodation Policy, Bates labeled ARROYO.DEF.000083-96, attached hereto as Exhibit A.

6.  As a Deputy Commissioner, I am familiar with the records kept by the City's Disability Officer as record keepers for the RA files of City employees, which are maintained in the City's DHR and kept in the ordinary and regular course of City of Chicago business.

7.  I conducted a search of DHR's records for reasonable accommodation requests submitted by Police Officer Reyna Arroyo. I did not locate any responsive records.

Pursuant to 28 U.S.C. § 1746, I, Judith Marrs, verify under penalty of perjury, that the statements contained in the foregoing declaration are true and correct.

Executed on **6-13-24**

Judith Marrs

2

# EXHIBIT A



**DEPARTMENT OF HUMAN RESOURCES**

CITY OF CHICAGO

**CITY OF CHICAGO REASONABLE ACCOMMODATION POLICY**

Effective Date: July 24, 2015

**I.      Statement of Purpose**

The City of Chicago ("the City") is an Equal Employment Opportunity employer that provides reasonable accommodations to applicants with disabilities during the hiring process and to qualified employees with disabilities who need accommodations to perform the essential functions of their job.

The City of Chicago Reasonable Accommodation Policy is designed to ensure that reasonable accommodation requests are evaluated efficiently and fairly.

The Reasonable Accommodation Policy and the procedures established pursuant to this Policy are implemented and managed by the Diversity and Equal Employment Opportunity Division of the Department of Human Resources ("DHR").

Nothing in this Policy is intended to provide, nor shall it be construed to provide, a private right of action against the City of Chicago or any of its employees, or to create contractual or other rights or expectations.

This Policy is intended to replace and supersede any reasonable accommodation practices and procedures that may exist at the departmental level.  This Policy is intended to supplement and not replace or alter the obligations, responsibilities, and rights of the City and its employees or applicants, including but not limited to those set forth in applicable laws, statutes, ordinances, City Personnel Rules, collective bargaining agreements, and other departmental practices and procedures, unless such obligations, responsibilities or rights are altered or replaced pursuant to a determination notice issued under this Policy.

**II.      Applicability**

This Policy applies to volunteers and employees of the City of Chicago, permanent or temporary, paid or unpaid, as well as to all applicants for paid or volunteer positions with the City.

1

ARROYO.DEF.000083

III.  **Definitions**

The following definitions apply to interpretation of this Policy:

a.  ***Disability*** means either a current physical or mental impairment that substantially limits one or more major life activities, or a record of having such a physical or mental impairment.

b.  ***Interactive Process*** *means:*

1.  A dialogue and exchange of information between the City of Chicago and an employee seeking an accommodation that allows the parties to explore the availability of an accommodation that would allow the employee to perform the essential functions of his or her current job or, where necessary, be reassigned to a vacant position for which he or she is qualified.  Both parties have a responsibility to actively participate in the interactive process to meaningfully explore the range of possible accommodations, and assess their impact on operations and finances.

2.  The employee and his or her department are required to participate in good faith by responding to and communicating with the City's Disability Officer.

c.  ***Major Life activities*** include, but are not limited to eating, standing, walking, lifting, sleeping, breathing, seeing, hearing, concentrating, learning and working.  Major life activities also include major bodily functions, including but not limited to, functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions.

d.  A ***Qualified Individual*** is a person who satisfies the requisite skill, experience, education and other job-related requirements of the employment position that such individual holds or desires, and who, with or without reasonable accommodation, can perform the essential functions of such position.

e.  A ***Reasonable Accommodation*** is any modification to the work environment or the way that work is performed that enables a qualified individual with a disability to perform the essential functions of his or her job. The City reserves the right to choose among effective accommodation options and is not required to provide the specific accommodation requested by an employee if another effective accommodation is available.

Reasonable accommodations may include, but are not limited to:

- making physical changes to the worksite or furniture
- restructuring jobs

2

**ARROYO.DEF.000084**

- modifying schedules
- purchasing or modifying equipment such as computers or telephones
- modifying workplace policies
- providing materials in alternate formats
- providing readers, interpreters, or other assistive services
- offering reassignment to a vacant position

f.  A *supervisor* is any employee who is empowered to take tangible employment actions against another employee, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or decisions causing a significant change in benefits.

## IV.  The Accommodation Process for Employees

### a.  Eligibility

In order for an employee to be eligible for a reasonable accommodation, he or she must be a "qualified individual with a disability," in accordance with the definitions set forth in this Policy.

### b.  The Application

Employees with disabilities who need an accommodation are responsible for notifying the City of their disability and the need for an accommodation. Requests for accommodation may be submitted by employees or, in those instances where an employee is unable to submit the request or needs assistance in doing so, by third parties such as relatives, friends or health care professionals.  When possible, employees or third parties making a request on behalf of an employee should follow the procedures set forth in this policy.

If a request for accommodation is made by a third party, the Disability Officer shall confirm with the employee that he/she wants a reasonable accommodation before considering the request.  The third party making the initial request will not be included in any further communications or proceedings regarding the request unless expressly permitted by the employee for whom the request was made, or in the event that person acts as legal counsel or guardian for the employee.

In order to request an accommodation, an employee should submit the following documentation to either the employee's Departmental Disability Liaison or to the Disability Officer:

1. A written request for accommodation; and
2. where necessary, documentation from the employee's medical provider which substantiates the disability and the need for accommodation.

3

ARROYO.DEF.000085

An employee may use, but is not required to use, the *Employee Request for Accommodation Form* and the *Medical Questionnaire Form*[1]. If the employee elects not to use the forms, the employee and the medical provider must submit written documentation which provides substantially the same information as is requested on the forms.  If the employee provides incomplete or unclear documentation, the Disability Officer shall notify the employee of the deficiency and request additional or complete documentation.

Any supervisor who receives a verbal request for accommodation from an employee, shall direct the employee to the Departmental Disability Liaison or the Disability Officer.

c. **The Assessment**

Once the Disability Officer receives the fully completed Employee Request for Accommodation Form, the Medical Questionnaire Form, or other acceptable documentation, the Disability Officer shall:

1. Engage in the interactive process with the employee regarding the nature of the employee's disability, his/her limitations, and the range of possible accommodations;

2. Consult with the employee's supervisor or other appropriate departmental managers regarding the request;

3. Request clarification or additional information from the employee and the employee's medical provider, if needed, to confirm or fully understand the employee's disability, the employee's limitations  and the appropriateness of the  accommodation requested;

4. If necessary to confirm the employee's disability or the extent of the employee's limitations, or to determine whether the employee will pose a threat to the health and safety of others or him or herself, notify the employee that a second opinion from a medical provider selected by the City is required and provide contact information for the medical provider.

The Disability Officer will evaluate the request for accommodation after all required information and documentation, including any second opinions or clarifications, has been received by the Disability Officer. The Disability Officer will consider the following factors in deciding whether to grant an accommodation:

---

[1] Forms referenced in this Policy are available at http://www.cityofchicago.org/city/en/depts/dhr/supp_info/human_resource_policies.html.

4

ARROYO.DEF.000086

- Whether the employee is a person with a disability as defined by the Americans with Disabilities Act;

- Whether the employee is a qualified person with a disability as defined by the Americans with Disabilities Act;

- Whether the information obtained by the Disability Officer establishes a link between the disability and the accommodation requested;

- The extent of the job-related functional limitations created by the individual's disability;

- The essential and non-essential functions of the employee's current job;

- The range of options available to accommodate the disability;

- Whether the requested accommodation or any other accommodation would be effective in allowing the employee to do the essential functions of his or her current position;

- Whether providing an accommodation that would allow the employee to perform the essential functions of his or her current job would create an undue hardship for the City or constitute a direct threat to the health or safety of the employee or others;

- Any other factors relevant to the determination.

**d. The Determination**

After making a decision, the Disability Officer will provide the requesting individual with written notice, stating whether an accommodation has been granted or denied.

1. **Accommodation Granted:**

   If an accommodation that allows the employee to remain in his or her current job has been granted, the determination notice will direct the Disability Liaison to take the necessary steps to put the accommodation in place.

2. **Accommodation Denied:**

   If the Disability Officer denies the requested accommodation and determines that no other reasonable accommodation will allow the employee to perform the essential functions of the job, the Disability Officer shall issue a

5

determination that includes the specific reason for the denial. Accommodations will be denied under circumstances including, but not limited to the following:

    i. The requested accommodation poses an undue hardship on the operations of the City;

    ii. The requested accommodation is a personal use item which is used for accomplishing daily activities both on and off the job (examples include prosthetic limbs, wheel chairs, or hearing aids);

    iii. The requested accommodation would require eliminating or changing the essential functions of the employee's current job;

    iv. The employee failed to participate in the interactive process, to provide or release medical information needed to make the accommodation determination, or to submit to an exam by a medical provider selected by the City, if applicable;

    v. The requested accommodation will not enable the employee to perform the essential functions of his/her job;

    vi. The requested accommodation or the employee's use of that accommodation would result in a direct threat to the health or safety of the employee or others;

    vii. There is no known accommodation which would allow the employee to do the essential functions of the job; and/or

    viii. The requested accommodation is not supported by the medical documentation.

3. **Accommodation Granted in Part and Denied in Part**
   If the Disability Officer grants some aspects of the request but denies others, the Disability Officer shall issue a determination that includes the reason that the request was partially denied, and sets forth the relevant details of the granted portion(s).

The Disability Officer shall send a copy of the determination notice to the employee's Disability Liaison, who will forward the notice to the Department Head, and to any departmental personnel who need to be aware of the accommodation for operational or implementation purposes.

ARROYO.DEF.000088

to a vacant position, the employee must be qualified for the position, which means that the employee meets the requisite skills, experience, education, and other job-related requirements of the vacant position and is able to perform the essential functions of the vacant position, with or without reasonable accommodation.

**c. Limitations**

The City is not required to reassign an employee if doing so would require the City to:

1. Create a new position or bump another employee from a position he or she currently holds;

2. Assist the employee in acquiring new or necessary skills in order to become qualified for a vacant position; except that, the reassigned employee will be provided the same training or instructions provided to new employees or employees newly assigned to that position, with reasonable accommodations as needed;

3. Promote the employee. Promote means placing him or her in a position that provides greater pay, seniority, grade level, career level, promotional potential, supervisory responsibility or other status or relevant factors; or

4. Violate the terms of any Collective Bargaining Agreement to which the City is a party.

**d. Employee Responsibility During the Reassignment Process**

Upon receipt of the Notice of Need for Reassignment form, the employee will provide updated contact information and a current resume to the ES Deputy or his/her designee and actively participate in the reassignment process by making him or herself available for consultations, telephone calls, and meetings and promptly providing additional information requested by the ES Deputy or his/her designee.

**e. Status of Employee During Reassignment**

If the Disability Officer has found that there are no reasonable accommodations which would allow the employee to perform the essential functions of the current position without posing a direct threat to the health or safety of the employee or others; or, that there is no reasonable accommodation that would allow the employee to perform the essential functions of the current position without imposing an undue hardship to City operations; then, the department shall take one of the following steps:

ARROYO.DEF.000089

1. Place the employee in a temporary light duty position during the reassignment period, provided that such a position is available pursuant to an established departmental light duty policy; or

2. Place the employee on an unpaid leave of absence during the search for appropriate vacant positions, except that the employee may utilize any paid leave time available, including vacation time or sick time, until such paid leave is exhausted; or

3. If warranted, institute the City procedures for sending the employee for a Fit for Duty examination. If the City's designated Fit for Duty physician determines that the employee cannot perform the essential functions of the job without a reasonable accommodation, then the department shall place the employee on an unpaid leave as set forth in this section.

If none of the steps listed above is warranted, then the employee may continue to perform the essential functions of his or her current position during the reassignment period.

**f. Role of the DHR Employment Services Division**

The ES Deputy or his/her designee must carry out the following steps in the reassignment process:

1. Attempt to contact  the employee within 5 business days of receiving the Notice of Need for Reassignment form to determine the employee's qualifications, limitations, and needs;

2. Search for appropriate vacant positions citywide for 90  calendar days;

3. Confirm that budgetary approval has been or will be granted for the position or request that the department obtain such approval;

4. Contact the Department Head for the department where the employee is to be reassigned to inform them of the placement. A qualified employee will be approved for placement in the position, regardless of whether there are more qualified applicants for the position, except when it would be an undue hardship on the City.

5. Offer approved positions to employees based on the date on which that employee was placed in the reassignment process, unless some other priority is required by an applicable Collective Bargaining Agreement.

9

**g. Duration of the Reassignment Process**

The reassignment period begins on the date that the ES Deputy attempts initial contact with the employee and ends 90 consecutive calendar days thereafter.

**h. Acceptance of New Position**

If the employee accepts an offered position, the ES Deputy will send the Notification of Reassignment form to the the following people:

- the Disability Officer
- the employee
- the employee's current Disability Liaison
- the Disability Liaison in the department to which the employee is reassigned
- the Department Head in the department to which the employee is reassigned
- the Department Head of the employee's current department
- the Department of Human Resources Commissioner
- the City of Chicago Inspector General's Office
- the applicable union

If the employee is remaining in the same department, the ES Deputy will use the Notification of Reassignment form to advise the Department Head and Disability Liaison of the employee's new position.

**i. Rejection of New Position**

If the employee rejects all offered positions, then at the conclusion of the reassignment period, the ES Deputy will send the Notification of Denial of Reassignment to the Disability Officer, the employee, the employee's current immediate supervisor, and the employee's current Disability Liaison.

**VI. Inability to Reassign or Otherwise Accommodate**

If an employee has completed the Reassignment Process without finding a new position and the Disability Officer has certified that no effective accommodation exists which would allow the employee, with or without accommodation, to perform the essential functions of his/her current position without imposing an undue hardship or causing a direct threat to the health or safety of the employee or others, the City will proceed with one or more of the following actions:

1. Place the employee on the Reasonable Accommodation List, as set forth in the Personnel Rules.

10

ARROYO.DEF.000091

2. Place the employee on an unpaid leave of absence, except that the employee may utilize any paid leave time available, including vacation time or sick time, until such paid leave is exhausted.
3. Give the employee the opportunity to request a leave of absence, allowing them to utilize any paid leave time available, including vacation time or sick time, until such paid leave is exhausted.
4. Give the employee the opportunity to take an unpaid leave of absence, subject to approval by their department.
5. Give the employee the opportunity to retire, if eligible.
6. Give the employee the opportunity to resign.

An employee who has been placed on the Reasonable Accommodation list or is on leave of absence as set forth above, may re-apply for a reasonable accommodation at any time if the employee believes there has been a change in their ability to perform the essential functions of the job. The employee shall re-apply by following the procedures established in the Reasonable Accommodation Policy.

## VII. The Accommodation Process for Applicants

The Disability Officer will ensure that the City's job application website and other application resources carry appropriate notices for applicants who require an accommodation during any stage of the application process. Job applicants who need an accommodation in relation to the application form, a test, interview or any other phase of the hiring process, may contact the Disability Officer or the Employment Services Division of DHR. All contact information related to accommodations is provided at the end of this Policy, and is also available on the DHR website.

## VIII. Responsibilities of City Personnel

### a. Deputy Commissioner for Diversity and Equal Employment Opportunity ("EEO Deputy")

The EEO Deputy shall direct the implementation of this Policy, and conduct regular reviews of this Policy and implement revisions as needed. The EEO Deputy will also supervise the Disability Officer.

### b. Disability Officer

- Manage the day to day operations of the City's reasonable accommodation program as embodied in the City of Chicago Reasonable Accommodations Policy, and issue written determinations concerning all requests for reasonable accommodation properly submitted in accordance with the Policy.

11

**ARROYO.DEF.000092**

- Assist departments with questions related to accommodations, the management of employees that use or require accommodations and the implementation of the Policy.

- Conduct training to ensure that all employees are aware of this Policy and that all department heads, disability liaisons, and supervisors understand their responsibilities for implementing this Policy and accommodating employees with disabilities.

- Act as the point of contact for all requests for information related to the provision of accommodations to employees with disabilities and the implementation of this policy, including but not limited to those issued pursuant to court orders, investigations and the Freedom of Information Act.

- Maintain confidential files regarding requests for accommodation, including but not limited to all medical and other records.

- Ensure compliance with all privacy laws and regulations in the acquisition, use and storage of information, including electronic information.

**c. Employment Services Deputy ("ES Deputy")**

In consultation with the Disability Officer, the ES Deputy shall direct all of the procedures related to offering reassignment as a reasonable accommodation, as set forth in this Policy.

**d. Department Heads**

Each Department Head must take necessary steps to implement this Policy in an effective manner. This includes but is not limited to:

- Designate a Departmental Disability Liaison and make efforts to ensure that the Disability Liaison fulfills the duties established in this Policy.

- Cooperate with the Disability Officer, the Deputy Commissioner for Diversity and Equal Employment Opportunity, the Disability Liaison and other Department Heads and supervisors to ensure that the actions required under the Policy are carried out in a prompt and efficient manner.

- Comply with procedures established by the Disability Officer governing privacy and confidentiality.

- Make efforts to ensure that the Disability Liaison fulfills the duties established in this Policy.

- Take necessary actions to ensure that any determinations made by the Disability Officer are implemented. This includes ensuring that all necessary

12

**ARROYO.DEF.000093**

actions are taken to provide a reasonable accommodation granted by the Disability Officer, including but not limited to reassignments to vacant positions.

**e. Departmental Disability Liaisons**

- Promptly report all requests for reasonable accommodation, whether written or verbal, to the Disability Officer.

- Provide a copy of this Policy and collect all paperwork related to requests for reasonable accommodation under this Policy and forward the documentation to the Disability Officer for processing, unless the employee has elected to provide the paperwork directly to the Disability Officer.

- Assist the Disability Officer in obtaining information and documents from the employee and the department necessary to make the reasonable accommodation determination.

- Facilitate the implementation of reasonable accommodations by working with the Disability Officer, departmental supervisors and managers, and other City personnel whose participation is required to implement the accommodation.

- Return any equipment purchased by the City as a reasonable accommodation to the Disability Officer in the event that the accommodated employee leaves the employment of the City.

- Comply with procedures established by the Disability Officer governing privacy and confidentiality.

- Attend training as offered by DHR.

**f. Supervisors**

- Promptly report any request for a reasonable accommodation that they become aware of to the Disability Officer or the Disability Liaison, whether the request is verbal or written.

- Take all necessary actions to ensure that any determinations are implemented.

- Cooperate with the Disability Officer to ensure that the actions required under this Policy are carried out in a prompt and efficient manner.

- Comply with procedures established by the Disability Officer governing privacy and confidentiality.

13

ARROYO.DEF.000094

**IX.    Confidentiality**

All individuals responsible for reviewing and analyzing requests for accommodation should maintain the confidentiality of all information obtained pursuant to the request, including but not limited to any medical information obtained from the employee or any other source.   City employees and applicants for City employment will only be asked to provide medical information when necessary in evaluating and/or facilitating accommodations. Except where permitted by applicable law, information related to the person's disability and/or request for accommodation will not be shared with persons who are not directly involved in determining the appropriate accommodation.

**X.    Recordkeeping and Reporting**

Employee records containing disability documentation, requested accommodations, and implementation of requested accommodations, if any, will be maintained by the Disability Officer in accordance with applicable federal and state law and procedures for maintaining privacy and confidentiality created by the Disability Officer.  A description of any implemented accommodation will also be kept by the employee's Disability Liaison.

The Disability Officer will maintain copies of the request for accommodation, any substantiating medical information, the City's determination and any other documentation related to the request.  This information will be kept in a locked file separate from the employee's personnel file in accordance with procedures for maintaining privacy and confidentiality created by the Disability Officer.  The employee's Disability Liaison will also maintain a copy of the determination letter in a locked file separate from the employee's personnel file.

**XI.    Procedures for Employees Returning from Medical Leave**

Employees who seek to return to work following a medical leave or absence from work under the City's Duty Disability Program may do so without full medical release, provided  that they have obtained a reasonable accommodation from the Disability Officer which allows them to perform the essential functions of the current position.

**XII.    Union Role in the Reasonable Accommodation Process**

The City will permit union representatives to participate in the reasonable accommodation process to the extent required by an applicable collective bargaining agreement.  The City will not provide union representatives with information regarding the request for accommodation without written permission from the employee.

ARROYO.DEF.000095

**XIII.**    **Contact Information**

**Disability Officer**
Department of Human Resources
Tel: (312) 744-4969
Fax: (312) 744-9710
Email: disabilityaccommodations@cityofchicago.org

**Employment Services Division of DHR**
Tel: (312) 744-4976

**Diversity and EEO Division of DHR**
Tel:  (312) 744-4224
TTY: (312) 744-5035

ARROYO.DEF.000096

# EXHIBIT 20

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REYNA ARROYO,

               Plaintiff,

               v.

CITY OF CHICAGO,

               Defendant.

No.: 21 cv 1148

Hon. Steven Seeger

Magistrate Judge Jeffrey Cummings

## DECLARATION OF KATHRYN PERRY HOPKINS

I, Kathryn Perry Hopkins, have personal knowledge of the facts set forth in this declaration and under penalty of perjury pursuant to 28 U.S.C. § 1746 certify that the statements made herein are true and correct.

1.      From August 2017 until March 2024, I was the Disability Officer for the City of Chicago.

2.      As the Disability Officer, I engaged in the interactive process regarding the nature of the employee's disability, limitations, and the range of possible accommodations. In order to manage the interactive process, I provided documents titled "Employee Request for Accommodation Form" and a "Medical Questionnaire Form" to employees who may need a reasonable accommodation. These forms are to be completed by the employee and/or their medical provider.

3.      Once these forms were completed and returned, I reviewed the forms and met with the employee to discuss potential accommodations. After these discussions, I consulted with the employee's supervisor or other appropriate departmental managers regarding the request, as needed; requested clarification or additional information from the employee and/or the employee's medical provider, if needed; and, if necessary, notified the employee that a second opinion from a medical provider is required.

4.    After all required information and documentation has been received, I would evaluate the request for accommodation and then issued a determination notice outlining the accommodation(s) being offered or not offered.

5.    I was not contacted by Police Officer Reyna Arroyo about an accommodation, and prior to my leaving the City in March 2024, Reyna Arroyo did not submit a request for accommodation to the City's Disability Office.

Pursuant to 28 U.S.C. § 1746, I, Kathryn Perry Hopkins, verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:

Executed on:  6/7/24
                    Date

Kathryn Perry Hopkins